FILED

**NOT FOR PUBLICATION**

OCT 08 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TITANESS LIGHT SHOP, LLC, a
Nevada limited liability company,

        Plaintiff-counter-defendant -
Appellant,

  v.

SUNLIGHT SUPPLY, INC., a
Washington corporation; IP HOLDINGS,
LLC, a Washington limited liability
company,

        Defendants-counter-claimants -
Appellees.

No. 13-16959

D.C. No. 3:12-cv-00620-LRH-
VPC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted September 8, 2014
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Since 2008, Sunlight Supply, Inc. and IP Holdings, LLC (collectively, Sunlight) have used the trademark "Titan Controls" to sell devices that control indoor gardening equipment. In 2012, Titaness Light Shop (TLS) began marketing indoor grow lighting systems under the mark "Titaness." The district court granted Sunlight's motion for a preliminary injunction prohibiting TLS from using the Titaness mark, and TLS appeals. We have jurisdiction under 28 U.S.C. § 1292. Because the record does not contain sufficient evidence that Sunlight is likely to suffer irreparable harm absent preliminary relief, we reverse the district court's order, vacate the preliminary injunction, and remand.

We review the district court's decision to grant a preliminary injunction for abuse of discretion. *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). However, we are mindful that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must establish, *inter alia*, that it is "likely to suffer irreparable harm in the absence of preliminary relief." *Id.* at 20. The mere "possibility of irreparable harm" is insufficient. *Id.* at 22.

13-16959

To establish a likelihood of irreparable harm, conclusory or speculative allegations are not enough. *Herb Reed*, 736 F.3d at 1250; *see also Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."); *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (finding irreparable harm not established by statements that "are conclusory and without sufficient support in facts"). Although preliminary relief may be ordered to prevent harm to a movant's reputation and goodwill, a finding of reputational harm may not be based on "pronouncements [that] are grounded in platitudes rather than evidence." *Herb Reed*, 736 F.3d at 1250.

The allegations of harm in the record are conclusory and speculative. Sunlight simply asserted to the district court that its goodwill and reputation would be irreparably harmed because TLS's Titaness products were being sold by a website that supposedly catered to marijuana growers, while Sunlight had worked hard to ensure that its products were not marketed to marijuana growers. The evidence Sunlight offered in support of this assertion did not establish that Sunlight had been or was likely to be harmed by TLS's use of the Titaness mark. It did not establish that Sunlight's customers are aware of the website, would associate the

products on the site with marijuana, or would stop purchasing Sunlight products if they mistakenly believed that Sunlight was marketing to marijuana growers.[1]  The fact that Sunlight's reputation *might* be harmed by the marketing of TLS's products did not establish that irreparable harm to Sunlight's reputation is *likely*. *See Winter*, 555 U.S. at 22.  Because Sunlight did not produce evidence establishing a likelihood of irreparable harm, it was not entitled to preliminary relief.  *See Herb Reed*, 736 F.3d at 1250-51.

We **REVERSE** the district court's order granting Sunlight's motion for a preliminary injunction, **VACATE** the preliminary injunction, and **REMAND** for further proceedings consistent with this disposition.[2]

---

[1] In fact, despite Sunlight's professed concern that its products might be mistakenly associated with marijuana growers and its contention that the website at issue "targets growers of illegal substances, including marijuana," at oral argument before this court, Sunlight represented that it is actually now selling its Titan Controls products through this same website.

[2] Because we reverse and remand based on Sunlight's failure to establish a likelihood of irreparable harm sufficient to support the preliminary injunction, we need not decide TLS's argument that Sunlight also failed to establish a likelihood of success on the merits.

13-16959